## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INDIA JACOBS, | * | |
| *Plaintiff.* | * | |
| v. | * | Civil No. RDB-22-2666 |
| WALMART INC., *et al.* | * | |
| *Defendants.* | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## <u>MEMORANDUM OPINION</u>

In this employment discrimination action, Plaintiff India Jacobs ("Jacobs") brings claims against her former employer, Defendant Walmart, Inc. ("Walmart"), under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (*See* Compl. ¶¶ 5, 16–30, ECF No. 3.) Pursuant to 42 U.S.C. § 2000e-5(f)(1), a claimant is given 90 days to file suit once the Equal Employment Opportunity Commission ("EEOC") issues a right-to-sue letter. In this case, the EEOC emailed Jacobs a Notice of Right to Sue on May 12, 2022, and Jacobs filed suit on August 12, 2022, exactly 92 days later. (Compl. ¶ 6; Notice of Right to Sue, ECF Nos. 11-3, 12-4 Exh. 1; Right to Sue Email, ECF No. 11-4.) However, the EEOC's letter and the attached filing instructions provided that Jacobs had 90 days to file suit from the day she received her notice, and defined receipt as "the day when [she] . . . opened this email or mail" and "view[ed] this document." (*See* Notice of Right to Sue; Information Related to Filing Suit, ECF No. 12-4.) In a sworn affidavit, Jacobs asserts that she did not view the EEOC's letter until May 16, 2022—only 88 days before she filed her Complaint—and that she relied on the EEOC's instructions when filing suit. (*See* Jacobs Aff. 3–4, ECF No. 12-4.)

Now pending is Walmart's Motion to Dismiss (ECF No. 11). Relying primarily on their evidentiary submissions, the parties spar over whether Jacobs is deemed to have received her right-to-sue letter on May 12, 2022, or May 16, 2022. (Def.'s Mem. Supp. Mot. Dismiss 1, 4–5, ECF No. 11-5; Pl.'s Resp. Opp. Mot. Dismiss 7–8, ECF No. 12.) Additionally, Jacobs argues that she is entitled to equitable tolling on account of her lack of legal representation, her health issues, and her reliance on the EEOC's filing instructions. (Pl.'s Resp. Opp. 9–11; Jacobs Aff. 1–4.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, this Court concludes that Jacobs is deemed to have received her right-to-sue letter on May 12, 2022, the date the EEOC's email was transmitted to Jacobs' inbox. (*See* Notice of Right to Sue; Information Related to Filing Suit.) However, in light of Jacobs' former *pro se* status and reliance on the EEOC's filing instructions, this Court equitably tolls the filing deadline and deems the Complaint timely.

Both parties rely on external evidence to contest the timeliness of Jacobs' Complaint, which cannot be determined without reference to these submissions. Additionally, neither party objects to the introduction or consideration of this evidence. Accordingly, Defendants' Motion to Dismiss (ECF No. 11) is construed as a motion for summary judgment on the issue of timeliness. As the record provides reasonable grounds to toll the 42 U.S.C. § 2000e-5(f)(1) filing deadline, that motion is hereby **DENIED.** However, as the Complaint is devoid of factual detail and fails to state a plausible claim for discrimination, wrongful discharge, or retaliation, it is hereby **DISMISSED** for failure to state a claim pursuant to Rule 12(b)(6). That dismissal is **WITHOUT PREJUDICE**, and Jacobs shall be afforded thirty (30) days to file an amended complaint that addresses pleading deficiencies that are identified herein.

## BACKGROUND

Plaintiff India Jacobs ("Jacobs") is a resident of Baltimore, Maryland, and a former Walmart employee. (Compl. ¶ 9, ECF No. 3.) According to the operative Complaint, she was employed as a Department Manager at the Walmart in Towson, MD, between March 2016 and June 18, 2018. (*Id.* ¶ 11.) Jacobs contends that she is a qualified individual with a disability, and that she requested leave as an accommodation for her conditions. (*See id.* ¶¶ 12–14, 17.) She further alleges that Walmart denied her request, penalized her absence, and terminated her employment. (*Id.* ¶¶ 14–15, 17, 22.) She requests an injunction restoring her employment and claims compensatory damages in the form of lost income and benefits, and various forms of mental and emotional distress. (*Id.* at 8–9.)

Jacobs filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (*Id.* ¶ 5.) On May 12, 2022, the EEOC issued Jacobs a Conciliation Failure and Notice of Rights to Sue. (*Id.* ¶ 6.) Walmart offers an email as evidence that the EEOC transmitted this right-to-sue letter to Jacobs that same day. (*See* Right to Sue Email, ECF No. 11-4.) Through this Notice, the EEOC determined that there was reasonable cause to believe that Walmart had violated the ADA, but dismissed Jacobs' charge and declined to bring suit against Walmart on her behalf. (Compl. ¶ 6.) The Notice of Right to Sue, and the EEOC's attached filing instructions, expressly provided that Jacobs had 90 days to file suit from the day she "receive[d] this Notice," and that "[r]eceipt generally means the date when [she] . . . opened this email or mail" and "view[ed] this document." (Notice of Right to Sue, ECF Nos. 11-3, 12-4; *see also* Information Related to Filing Suit, ECF No. 12-4.)

Jacobs filed her Complaint in the Circuit Court of Maryland for Baltimore County on August 12, 2022, exactly 92 days after the EEOC emailed her notice, but only 88 days after she alleges that she opened the email and viewed the documents. (Right to Sue Email, ECF No. 11-4; Jacobs Aff., ECF No. 12-4.)[1]

Walmart now moves to dismiss this case as untimely.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

---

[1] Walmart removed this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). (*See* Notice of Removal, ECF No. 1.) Removal was timely under 28 U.S.C. § 1446(b), as Jacobs' Complaint was served on Walmart on September 16, 2022, and Walmart filed its Notice of Removal on Monday, October 17, 2022. (*Id.* at 2.) *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a statutory time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

## I.      Consideration of Evidence Outside the Pleadings

Ordinarily, when ruling on a motion to dismiss, a court's evaluation is generally limited to the allegations articulated in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). When "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). As limited exceptions to this rule, courts may consider "documents attached to or incorporated into the complaint," *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)), documents that are properly subject to judicial notice, *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and documents "integral to and explicitly relied on in the complaint," provided that "the plaintiffs do not challenge the document's authenticity," *Zak*, 780 F.3d at 606–07 (cleaned up) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). A document is "integral" only when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (emphasis omitted) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).[2]

While Walmart purports to move to dismiss the Complaint for failure to state a claim, both parties extensively rely on "matters outside the pleadings" addressing the timeliness issue.

---

[2] For example, "courts have found integral the allegedly fraudulent document in a fraud action, the allegedly libelous magazine article in a libel action, and the documents that constitute the core of the parties' contractual relationship in a breach of contract dispute." *Id.* at 611 n.4 (quoting *Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*, No. JFM 10-CV-0206, 2010 WL 2732334, at *2 (D. Md. Jul. 8, 2010)).

Fed. R. Civ. P. 12(d). These materials include Jacobs' Notice of Right to Sue (ECF Nos. 11-3, 12-4); the attached filing instructions (ECF No. 12-4); the EEOC's email enclosing the right-to-sue letter and filing instructions (ECF No. 11-4); and Jacobs' affidavit articulating her claim for equitable tolling (ECF No. 12-4). The EEOC's letter to Jacobs—including both the formal notice to Jacobs and the attached filing instructions—is integral to the complaint and may be considered at this stage without converting Walmart's motion into a motion for summary judgment. *See Dethridge v. Esper*, No. GLR-20-606, 2021 WL 1751120, at *3 (D. Md. May 4, 2021) ("Courts in this district have routinely determined that EEO documents . . . are integral documents in employment discrimination actions."). The same cannot be said of the EEOC's email and Jacobs' affidavit. While neither party disputes the authenticity of these documents and their relevance to the timeliness issue, they are not attached to the Complaint, integral to the Complaint, or otherwise subject to judicial notice.

Accordingly, this Court may only consider the full breadth of the parties' materials if it converts the instant motion to one for summary judgment pursuant to Rule 12(d). To do so, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Notably, 'the Federal Rules [of Civil Procedure] do not prescribe that any particular notice must be given before a Rule 12 motion is converted to a Rule 56 motion.'" *Ames v. Mallow*, No. CV JKB-16-191, 2017 WL 839524, at *3 (D. Md. Mar. 3, 2017) (Bredar, J.) (citation omitted). "Thus, this requirement 'can be satisfied when a party is aware that material outside the pleadings is before the court.'" *Id.* (citation and quotation marks omitted); *accord Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (holding that a court need not "notify parties of the obvious"); *Gay v. Wall*, 761 F.2d 175, 177

(4th Cir. 1985) ("[W]hen a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment.").

This Court finds that conversion is appropriate on the narrow issue of timeliness only. Although neither party has expressly requested conversion, both parties offer evidence outside the pleadings that may only be considered if this Court converts Walmart's motion to a motion for summary judgment. Walmart offers the EEOC's email to Jacobs as evidence of the date the right-to-sue letter was transmitted, and Jacobs offers a sworn affidavit to establish her grounds for equitable tolling. "Once these materials were filed, it was clear that the equitable-tolling issue was before the Court, that it could not be decided without extrinsic evidence, and that to do so would require conversion of the Rule 12(b)(6) motion into a summary-judgment motion." *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10-CV-388, 2011 WL 2417046, at *2 (M.D.N.C. June 13, 2011) (citing *George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980)); *see also Haburn v. Petroleum Marketers, Inc.*, No. 7:07CV00240, 2007 WL 4269064, at *4 n.5 (W.D. Va. Nov. 29, 2007) ("Here, the plaintiffs submitted exhibits outside the pleadings in response to the defendants' motion to dismiss, and both the plaintiffs and the defendants rely heavily on these documents."). Both parties reference these materials in their arguments, and neither objects to their consideration or requests further discovery on this issue.

Moreover, Walmart premises its motion solely on timeliness—a legal issue that could not be decided based on the facts alleged in the Complaint. As the 90-day filing deadline is akin to a statute of limitations, it is construed as an affirmative defense. *See Shaukat v. Mid Atl. Professionals, Inc.,* No. TDC-20-3210, 2021 WL 5743909, at *5 (D. Md. Nov. 30, 2021) (citing

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019)). And as Rule 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses," *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013), a motion to dismiss can only reach an affirmative defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (cleaned up) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). While the Complaint alleges that the EEOC issued its Notice of Right to Sue on May 12, 2022 (Compl. ¶ 6), it provides no allegation regarding how or when that letter was sent to Jacobs. Walmart argues that it was emailed, and that it was transmitted on May 12, 2022, the same day it was issued. (Mem. Supp. 4–5.) But Walmart relies solely on evidence outside the pleadings make this argument—specifically, the agency's email communicating the right-to-sue letter, which Walmart obtained through a FOIA request. (*See* Floyd Decl. ¶ 4, ECF No. 11-1; Right to Sue Email, ECF No. 11-4.)

As Walmart raises an affirmative defense that cannot be decided on the face of the Complaint, as both parties rely on evidence outside the pleading to address this defense, and as neither disputes the introduction or consideration of this evidence, this Court finds that both parties are on notice of the possibility of conversion. *See Ames*, 2017 WL 839524, at *3; *Laughlin*, 149 F.3d at 261; *Gay*, 761 F.2d at 177 ("[W]hen a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment."). Accordingly, this Court will consider the parties' evidentiary submissions and construe Walmart's motion as motion for summary judgment to the extent that it challenges the timeliness of Jacobs' submission.

## ANALYSIS

### I. Receipt of an Electronic Right to Sue Notice

The parties dispute whether Jacobs received her right-to-sue letter on May 12, 2022, the date the EEOC emailed the notice, or May 16, 2022, the date Jacobs opened the email. Pursuant to 42 U.S.C. § 2000e-5(f)(1), a complainant may file suit within 90 days of receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). "The ninety-day period begins to run on the date that a complainant receives her or his right to sue notice." *Bowie v. University of Md. Med. Sys.*, No. ELH-14-3216, 2015 WL 1499465, at *7 (D. Md. Mar. 31, 2015) (citing *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653 (4th Cir. 1987)). "Courts have . . . held that failure to file suit within ninety days after receipt of a notice from the EEOC renders a plaintiff's action untimely." *Fisher v. Md. Dep't of Housing & Cmty. Dev.*, 32 F. Supp. 2d 257, 264 (D. Md. 1998). This time limit is construed as a statute of limitations, rather than a jurisdictional constraint. *Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 426–27 (D. Md. 2013) (citing *Chacko v. Patuxent Inst.*, 429 F.3d 505, 513 n.5 (4th Cir. 2005)). Accordingly, it "is subject to waiver, estoppel, and equitable tolling." *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

The United States Court of Appeals for the Fourth Circuit has held that constructive receipt is sufficient to trigger the ninety-day filing deadline. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653–54 (4th Cir. 1987). In *Harvey*, the EEOC mailed the claimant a right-to-sue letter on November 26, 1985, the claimant's wife signed for the letter on November 27, and the claimant first learned of the letter on December 2. *Id.* at 653. The claimant filed suit

9

on February 26, 1986, exactly 91 days after his wife signed for the letter, but only 86 days after he personally received and read the letter. *Id.* at 654. The district court dismissed the complaint as untimely, and the Fourth Circuit affirmed. *Id.* Recognizing that "Congress intended to require claimants to act expeditiously, without unnecessary delay," the Fourth Circuit reasoned that an "actual receipt" standard would grant the claimant "an open-ended time extension," allowing them to manipulate the filing deadline at will. *Id.* Accordingly, the court held that the statutory clock began to run on the date the letter was delivered to the claimant's wife, not the date the claimant personally received it. *Id.* When faced with an untimely filing, courts must "conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Id.* There were no such grounds in *Harvey*: The claimant had "eighty-four days to file his complaint" after he learned of his right-to-sue letter, and nothing suggested that he could not have filed during this time. *Id.*

This case concerns when a right-to-sue letter sent over *email*, rather than traditional mail, is presumed to have been delivered and constructively received.[3] Jacobs argues that an

---

[3] When a right-to-sue letter is sent to the plaintiff by mail, it "is presumed to have been received by the plaintiff three days after it was issued and mailed." *Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 427 (D. Md. 2013) (citing Fed. R. Civ. P. 6(d)); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984). The plaintiff may rebut this presumption with "sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Id.* at 427–28 (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)). Ultimately, "if the actual date of receipt is confirmed by evidence, that date governs." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. 1999) (unpublished).

However, the three-day presumption is inapplicable to notice sent by email. The three-day rule originates from Rule 6(d) of the Federal Rules of Civil Procedure, which provides that "[w]hen a party may or must act within a specific time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 6(d) was amended in 2006 to exclude electronic delivery from the service methods that are entitled to the three-day presumption. *See Utica Mut. Ins. Co. v. Century Indemn. Co.*, 2017 WL 1052719, at *3 (N.D.N.Y. Jan. 18, 2017) ("Rule

electronic letter should not be considered received until a claimant opens her email and reviews the attached document. (Resp. Opp. 9–10.)[4] However, in several unpublished decisions, this Court has determined that the filing period is triggered when an email with a right-to-sue letter arrives in the complainant's inbox. *See, e.g.*, *Pitts v. Baltimore Police Dep't*, No. RDB-22-1404, 2023 WL 3158705, at *4 (D. Md. Apr. 28, 2023); *Garcia v. Baltimore Police Dep't*, No. BPG-22-1423, 2023 WL 3043953, at *3 (D. Md. Apr. 21, 2023); *Ward v. Comm'r of Soc. Sec.*, No. WDQ-11-1004, 2012 WL 122412, at *4 (D. Md. Jan. 12, 2012), *adhered to on reconsideration*, No. WDQ-11-1004, 2012 WL 893256 (D. Md. Mar. 14, 2012). Other district courts in this Circuit have reached the same conclusion. *See, e.g.*, *Walker-Bey v. Gabrowski*, No. CV 1:22-361-SAL-SVH, 2022 WL 16700446, at *2 (D.S.C. Jul. 5, 2022); *Wolfe v. Wps Health Sols., Inc.*, No. 20-CV-175, 2021 WL 1992027, at *3 (E.D. Va. Apr. 7, 2021). That is because email involves far less uncertainty than traditional mail—an email is transmitted within moments, and usually arrives in the destination inbox shortly after it is sent. *See Hangzhou Chic Intelligent Tech. Co. v. Partnerships & Unincorporated Assocs. Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (observing, in another context, that "the instantaneous and traceable nature of email cures the concerns with postal service").

 Comparatively, the standard Jacobs advocates would leave the time of receipt, and the filing deadline, almost entirely up to the claimant. When notice is sent over email, innumerable

---

6 has . . . been 'amended to remove service by electronic means under Rule 5(b)(2)(E) from the modes of service that allow 3 added days to act after being served.'").

 [4] In making this argument, Jacobs cites *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir. 1978), to argue that this Court should adopt an "actual receipt" rule to govern the transmission of electronic materials. However, the Fourth Circuit's binding opinion in *Harvey* decisively rejected the Seventh Circuit's decision in *Archie* and the "actual receipt" rule it adopted. *Harvey*, 813 F.2d at 654. Jacobs fails to distinguish *Harvey* and offers no compelling reason for why the flexible standard adopted in that case is any less applicable to right-to-sue letters distributed by email.

factors within the claimant's exclusive control could lead to unpredictable and extended delays. A claimant may not open their email client for days, weeks, or months, and an individual email could be overlooked, deleted, or filtered into folders designated for spam, junk, or solicitation. If the standard is "actual notice," and an electronic right-to-sue letter is not deemed "received" until the claimant has personally reviewed the EEOC's email, the statutory deadline could be freely manipulated or indefinitely extended. *Harvey*, 813 F.2d at 654 (discussing concerns with "an open-ended time extension, subject to manipulation at will"). Expecting the claimant to diligently read her email and stay apprised of messages from the EEOC is more consistent with Congress's intent that Title VII claimants "act expeditiously" and exercise their rights "without unnecessary delay." *Id.*; *cf. Wolfe*, 2021 WL 1992027, at *3 ("The fact that Wolfe neglected to read her emails does not change the fact that she received delivery of her notice of right to sue via email on August 6, 2020, and that this receipt triggered the beginning of the 90-day period."); *Boyd v. Monroe City Hall*, No. 3:20CV1473, 2021 WL 1305385, at ** 3–4 (W.D. La. Mar. 8, 2021) (holding that the date of delivery triggered the filing period, even when the electronic notice was filtered into the plaintiff's spam inbox).

Accordingly, Jacobs is deemed to have received her right-to-sue letter upon the arrival of the EEOC's email and right-to-sue letter to her inbox. It is undisputed that the EEOC sent Jacobs her Notice of Right to Sue on May 12, 2022. The right-to-sue letter was issued and electronically signed on May 12, 2022, (Notice of Right to Sue, ECF Nos. 11-3, 12-4 Exh. 1), and the email that conveyed it was dated May 12, 2022, (Right to Sue Email, ECF No. 11-4). Additionally, neither party claims that the date of issue was inaccurate, that the email was not properly delivered, or that Jacobs never received it. (*See* Jacobs Aff. 1; *see also* Pl.'s Resp. Opp.

7 (acknowledging that the letter "was sent to her by the EEOC on May 12, 2022"); Def.'s Repl. Supp. 1 (noting that Jacobs "does not dispute that the Notice of Right to Sue letter was sent to her email account on May 12, 2022")). Consequently, Jacobs is deemed to have received her right-to-sue letter on May 12, 2022—exactly 92 days before filing suit, on August 12, 2022. (*See* Right to Sue Email; Pl.'s Resp. Opp. 7; Def.'s Mem. Supp. 1–2, 4.)

## II.     Equitable Tolling

As Jacobs filed suit 92 days after she received the EEOC's email, this Court must "conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Harvey*, 813 F.2d at 654. The doctrine of equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). To receive equitable tolling, an otherwise time-barred plaintiff must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019) (quoting *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)).

In her response to Walmart's Motion and accompanying affidavit, Jacobs highlights three circumstances that may justify equitable tolling: (1) that she did not have access to her email until May 16, 2022; (2) that she was diligently attempting to secure counsel during the filing period; and (3) that she relied on the EEOC's representations that she had 90 days to file suit from "the date that [she] (or [her] representative) view[ed] this document." (Resp.

Opp. 7, 9–10; Jacobs Aff. 1–4, ECF No. 12-4.) Standing alone, the first two arguments are insufficient to justify equitable tolling. However, this Court finds that Jacobs' reliance on the EEOC's assurances, viewed in light of her former *pro se* status, provides a reasonable basis for equitable tolling in this case.

First, Jacobs argues that she did not have access to her email until May 16, 2022, as she was without income during the previous month and could not afford internet service or cellphone data. (Resp. Opp. 3–4.) However, several courts have declined to toll the filing deadline on a theory of delayed notice when the plaintiff still had ample time to file suit after learning of their right-to-sue letter. *Cf. Harvey*, 813 F.2d at 654 ("Harvey knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint. There has been no showing that this was not sufficient time within which to act."); *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) ("Even if [the plaintiff] did not actually know that her right-to-sue letter had arrived until she picked up the letter at the post office five days later, she still had eighty-five days from then to file her claim."); *see also Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 719–20 (W.D. Va. 2009) (collecting cases). Here, while Jacobs did not see her right-to-sue letter for four days, she had eighty-six additional days to file her Complaint within the statutory deadline.

Second, Jacobs argues that she was diligently attempting to secure counsel during this time, and that she was unable to attain representation until August 10, 2022, the precise date the deadline ran. (Jacobs Aff. 3.) However, it is well established that "*pro se* status provides no independent basis for an equitable tolling of the Title VII filing period." *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007) (citing *Baldwin*, 466 U.S. at 150–52; *accord Turner v.*

*Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").[5] As Judge Hollander has aptly noted, *pro se* litigants are expected to adhere to "time requirements and other procedural rules," no less than parties with legal representation. *Sanders v. Enos Contractors*, No. ELH-13-2590, 2015 WL 13022279, at *1 (D. Md. Dec. 3, 2015) (Hollander, J.); *Malin v. Siemens Med. Sols. Health Servs.*, 638 F. Supp. 2d 492, 506 (D. Md. 2008); *see also Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants are entitled to some deference from courts. . . . But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible."). Were it otherwise, any *pro se* litigant could ignore or extend statutory filing periods solely on account of their diligent effort to obtain counsel.[6]

Third, however, Jacobs attests that the EEOC's filing instructions led her to believe that she had additional time to file her Complaint. (Jacobs Aff. 1–4.) Nearly every circuit has recognized that equitable tolling may be appropriate "when an administrative agency misleads a complainant, particularly one who is without the benefit of counsel." *Anderson v. Unisys Corp.*, 47 F.3d 302, 306–07 (8th Cir. 1995); *accord Davis v. Lucent Tech, Inc.*, 251 F.3d 227, 234 (1st Cir.

---

[5] Courts have reasoned in other contexts that a plaintiff's effort to obtain legal representation is insufficient standing alone. *See, e.g.*, *United States v. Davis*, No. 17-CR-196-2, 2023 WL 2564335, at *3 (E.D. Va. Mar. 16, 2023) (holding that "Defendant's difficulty finding an attorney to assist with his § 2255 motion is not an extraordinary circumstance sufficient to justify equitable tolling . . . because Defendant had no constitutional right to counsel and could have filed his petition *pro se*.").

[6] Indeed, litigants in such cases may file suit *pro se* within the statutory period and later amend their Complaint with aid of counsel. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (noting that leave to amend is liberally granted); *see, e.g.*, *Blankenship v. Nimmo*, No. 3:18-1309, 2019 WL 4267883, at *2 (S.D.W. Va. 2019) (finding that where plaintiff filed initial complaint pro se, but subsequently obtained counsel, "justice favors granting Plaintiff leave to amend his complaint" to clarify the claims and facilitate an accurate resolution on the merits).

2001); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 81 (7th Cir. 1992) ("Misleading conduct by the EEOC can be a basis for tolling the administrative statute of limitations."); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (holding that equitable tolling may apply where a *pro se* plaintiff "was misinformed or misled by the administrative agency responsible for processing his charge"). Similarly, the Fourth Circuit has approved the use of equitable tolling in an employment discrimination case "when, due to agency error or misinformation, a complainant fails to meet the time requirements . . . for filing a civil action once a right to sue letter has been issued." *Bishop v. Hazel & Thomas, PC*, 151 F.3d 1028, 1998 WL 377912, at *2 n.3 (4th Cir. 1998); *Poteat v. Mack Trucks, Inc.*, No. 96-1437, 1997 WL 33117, at *4 (4th Cir. Jan. 28, 1997); *accord Burgess v. Sys. High Corp.*, No. ELH-14-3895, 2015 WL 6956516, at *8 (D. Md. Nov. 10, 2015) (Hollander, J.); *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10-cv-388, 2011 WL 2417046, at *4 (M.D.N.C. June 13, 2011) ("[E]quitable tolling may apply when the untimely filing resulted from processing delays at the EEOC or from misleading statements by EEOC officials.").

After conducting a "thorough examination of the facts," *see Harvey*, 813 F.2d at 654, this Court finds that equitable tolling is appropriate in the narrow circumstances of this case. An electronic right-to-sue letter sent by email is deemed received by the claimant—thus triggering the 90-day filing deadline—when the email and letter arrive in the claimant's inbox. But the EEOC's own letter gave Jacobs every reason to believe that she had additional time. The EEOC's Notice of Right to Sue provided as follows:

> If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 days of your receipt of this notice. **Receipt generally occurs on the date that you (or your representative) view this document.**

(Notice of Right to Sue, ECF No. 12-4 (emphasis altered).) Similarly, the attached "Information Related to Filing Suit Under the Laws Enforced by the EEOC" provided the following in its explanation of the 90-day filing period:

> If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court within 90 days of the date you *receive* this Notice. **Receipt generally means the date when you (or your representative) opened this email or mail.**

(Information Related to Filing Suit, ECF No. 12-4 (emphasis altered).) As Jacobs attests in her sworn affidavit, and argues in her response, she "relied on the plain language of [this] letter" to believe "that [she] had 90 days to file suit beginning from May 16, 2022, which to her understanding, knowledge, and belief would mean that suit need-not be filed until Sunday, August 14, 2022 (Monday, August 15, 2022 as August 14, 2022 was a Sunday)." (Jacobs Aff. 4–5, ECF No. 12-4; Resp. Opp. 7–8.)

Jacobs' reliance on this language, viewed alongside her lack of legal representation[7] and her effort to obtain counsel during the filing period, is a sufficient basis for equitable tolling in the context of this case. The EEOC is responsible for handling charges of discrimination, and a voice of authority on its statutory procedures. Proceeding without legal representation, Jacobs had every reason to rely on the explicit instructions she was provided by the agency, and no reason to believe that those instructions might be inaccurate. *Cf. Browning v. AT&T*

---

[7] While Jacobs' *pro se* status does not provide an "independent basis" for equitable tolling, it is a critical factor that supports equitable tolling when viewed alongside her reliance on the EEOC's representations. A different result might obtain if a claimant was represented and improperly advised by counsel during the statutory filing period, as "most courts to address the question have held that an attorney's failure to advise a Title VII plaintiff of a filing deadline does not justify equitable tolling." *Carter-Spagnolo v. Western State Hosp.*, 2021 WL 4482978, at *3 (W.D. Va. 2021); *see, e.g.*, *Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012) ("A lawyer's ineptitude does not support equitable tolling.").

*Paradyne*, 120 F.3d 222, 227 (11th Cir. 1997) (tolling deadline where EEOC investigator provided plaintiff with an incorrect statute of limitations); *Jennings v. Am. Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982) (tolling deadline where EEOC allegedly declined to process charge based on erroneous interpretation of the law); *Martinez v. Orr*, 738 F.2d 1107, 1111 (10th Cir. 1984) (tolling deadline where EEOC's right-to-sue letter "[said] only that suit *may* be filed within thirty days" and "[did] not specify that this period represents the claimant's one and *only* opportunity to file suit").

The clear language of the EEOC's instructions provided that the statutory filing period did not begin to run until the date Jacobs opened her email and viewed the right-to-sue letter. Jacobs claims that she did not see the EEOC's letter until May 16, 2022, that she lacked legal representation throughout the filing period, and that the EEOC's assurances led her to believe that her submission would be timely. Accordingly, this Court equitably tolls the 42 U.S.C. § 2000e-5(f)(1) filing deadline until August 15, 2022. As Jacobs' Complaint was filed on August 12, 2022, it is deemed timely. Walmart's converted Motion for Summary Judgment (ECF No. 11) is therefore **DENIED** on the issue of timeliness.

## III.   Failure to State a Claim

Walmart predicated its Motion to Dismiss solely on timeliness grounds and does not challenge the sufficiency of the Complaint. Nevertheless, while Jacobs is entitled to equitable tolling, this Court finds under Rule 12(b)(6) that Jacobs' Complaint fails to state a claim upon which relief may be granted. *See Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) ("[T]here are instances in which 'sua sponte dismissal of complaints under Rule 12(b)(6) are appropriate.'" (quoting *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)); *see also*

*Gass v. Nguyen*, No. 3:19-cv-00197-RJC-DCK, 2022 WL 19767, at *1 (W.D.N.C. Jan. 3, 2022) ("A court is empowered to dismiss a case *sua sponte* under Rule 12(b) where the plaintiff has clearly failed to state a claim for relief."); *Knotts v. Marra*, No. 2:21-CV-00176, 2022 WL 508899, at *4 (S.D.W. Va. Feb. 18, 2022) (recognizing that *sua sponte* dismissal is appropriate where "it is 'patently obvious the plaintiff could not prevail based on the facts alleged in the complaint'" (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)). Jacobs purports to bring claims for discrimination, unlawful discharge, and retaliation, but her operative Complaint offers only a "formulaic recitation of the elements" of each claim, with little to no supporting allegations. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC*, 716 F.3d at 350. Accordingly, the Complaint is hereby dismissed with leave to amend.

First, to allege discrimination by refusal to make reasonable accommodations, Jacobs must claim "(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position; and (4) that the employer refused to make such accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238–39 (4th Cir. 2021). Jacobs alleges that she had "a disability and a need for a reasonable accommodation in the form of leave," and that Walmart refused to grant this accommodation. (Compl. ¶¶ 12, 14, 17.) However, Jacobs fails entirely to allege what disability she was afflicted with, how this disability fell within the ambit of the ADA, whether her employer had notice of her disability, and whether, with or without accommodation, she "can perform the essential functions of the employment position that [she] holds or desires." 42 U.S.C. § 12111(8); *see also Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014). She also

19

provides no allegations explaining how the requested accommodation "was necessary in order for [her] to perform the essential functions of [her] job." *See Fierce v. Burwell*, 101 F. Supp. 3d 543, 550 (D. Md. 2015) (quoting *Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997)).

Second, to state a claim for wrongful discharge, Jacobs must allege that: "(1) [she] is within the ADA's protected class; (2) [she] was discharged; (3) at the time of [her] discharge, [she] was performing the job at a level that met [her] employer's legitimate expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Coursey v. Univ. of Md. E. Shore*, 577 F. App'x 167, 174 (4th Cir. 2014) (quoting *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001)). Construed in Jacobs' favor, the Complaint alleges that Walmart terminated her employment on June 18, 2018, after refusing to grant her request for leave to accommodate her disability. (Compl. ¶¶ 11, 15, 17.) Once more, she offers unsupported, conclusory allegations to support the remaining elements. Nowhere does the Complaint outline Jacobs' disability or qualifications for her role, explain her need for leave as a reasonable accommodation, attest to her job performance, or detail how the circumstances surrounding her termination might give rise to a reasonable inference of discrimination.

Third, to state a plausible claim for retaliation, Jacobs must plead that "(1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) her protected activity was causally connected to her employer's adverse action." *Rhoads v. FDIC*, 257 F.3d 373, 392 (4th Cir. 2001); *accord Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012).[8]

---

[8] Unlike her discrimination claims, Jacobs' retaliation claim does not require her to allege that she is a "qualified individual with a disability." *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 577 (4th Cir. 2015); *Lamb v. Qualex, Inc.*, 33 F. App'x 49, 54 n.1 (4th Cir. 2002).

As noted above, Jacobs claims that she was terminated after she sought leave to accommodate her disability. (Compl. ¶ 27.) Again, she offers no factual allegations to indicate that leave was a reasonable accommodation in her case, as required for leave to constitute a protected activity. *See Jackson v. Sprint/United Mgmt. Co.*, 599 F. Supp. 3d 314, 329–30 (D. Md. 2022), *reconsideration granted in part on other grounds*, ___ F. Supp. 3d ___, 2022 WL 5053803, at *4 (D. Md. 2022) (discussing situation in which "a 'prospective request for periodic . . . leave' to accommodate 'an ongoing ailment' may constitute a reasonable accommodation within the ambit of the ADA." (quoting *Isley v. Aker Phila. Shipyard, Inc.*, 275 F. Supp. 3d 620, 631 (E.D. Pa. 2017))). Nor does she provide any factual basis from which this Court could infer that her termination was causally connected to her request for leave.

## CONCLUSION

For the reasons set forth above, it is this 13th day of July, 2023, hereby **ORDERED** that Defendant Walmart, Inc.'s Motion to Dismiss (ECF No. 11) is construed as a Motion for Summary Judgment solely on the issue of timeliness. As the EEOC emailed Jacobs' right-to-sue letter on May 12, 2022, Jacobs is deemed to have received the letter on that date. (Right to Sue Email, ECF No. 11-4.) However, in light of Jacobs' reliance on the EEOC's misleading filing instructions, (Notice of Right to Sue; Information Related to Filing Suit; Jacobs Aff. 4–5, ECF No. 12-4), the 90-day filing deadline prescribed by 42 U.S.C. § 2000e-5(f)(1) is hereby equitably tolled, and Walmart's motion is hereby **DENIED**.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff India Jacobs' Complaint (ECF No. 3) is **DISMISSED** for failing to state a claim upon which relief can be granted. "The determination whether to dismiss with or without prejudice under Rule

12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013). However, Rule 15(a) contemplates that leave to amend a complaint to address deficiencies in an original complaint should be freely granted when justice so requires. *See* Schwarzer, Wallace & Wagstaffe, *Federal Civil Procedure* § 9:286. Indeed, there is authority that a plaintiff should be afforded at least one opportunity to amend a complaint before a dismissal of the case with prejudice. *See Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003). Leave to amend may be denied if such amendment is deemed futile. *See* Schwarzer, Wallace & Wagstaffe, *Federal Civil Procedure* § 9:294.1; *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

For the reasons set forth in this opinion, Plaintiff India Jacobs has failed to state a claim for discrimination, wrongful discharge, or retaliation, as she fails to allege facts supporting the composite elements of these claims. However, the record reflects that Jacobs has not been afforded an opportunity to amend her Complaint. Accordingly, the dismissal of Jacobs' initial Complaint is **WITHOUT PREJUDICE,** and with leave to amend. If Jacobs possesses facts sufficient to cure the manifest deficiencies outlined in this opinion, she may file an Amended Complaint within **thirty (30) days** of this opinion, i.e., by August 14, 2023.[9] Such an Amended Complaint may still be subject to dismissal by reason of repeated failure to cure deficiencies or by futility of the amendment. *See Abagninin*, 545 F.3d at 742. If an Amended Complaint is

---

[9] The time within which plaintiff must serve and file the amended complaint is ordinarily set by the court. Schwarzer, Wallace & Wagstaffe, *Federal Civil Procedure* § 9:289. Although August 12, 2023, is precisely thirty days following this opinion, that day is a Saturday. Consequently, Jacobs shall be afforded until Monday, August 14, 2023, to file an Amended Complaint. *See* Fed. R. Civ. P. Rule 6(a)(1)(C) (providing that when a time period is stated in days, the court must "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

not filed by August 14, 2023, the Clerk of this Court is instructed to close this case with a dismissal with prejudice.

A separate order follows.

_____/s/_____
Richard D. Bennett
United States Senior District Judge